1  Robert C. Ryan (NSBN 7164)
   Timothy A. Lukas (NSBN 4678)
2  Joshua M. Halen (NSBN 13885)
   HOLLAND & HART LLP
3  5441 Kietzke Lane, Second Floor
   Reno, NV  89511
4  Phone: (775) 327-3000
   Fax: (775) 786-6179
5  rcryan@hollandhart.com
   tlukas@hollandhart.com
6  jmhalen@hollandhart.com

7  *Attorneys for Plaintiff*

8              **THE UNITED STATES DISTRICT COURT**

9                      **DISTRICT OF NEVADA**

10 SUMMIT ICE MELT SYSTEMS, INC., a          **CASE NO.:**
   Nevada corporation,
11
                    Plaintiff,               **COMPLAINT**
12
13 v.

14 HOTEDGE, LLC, a Colorado limited liability
   company,
15
                    Defendant.
16

17

18      Plaintiff Summit Ice Melt Systems, Inc. ("Summit"), by and through counsel, Holland &

   Hart LLP, files this Complaint against HotEdge LLC ("HotEdge"), and alleges as follows:

19                        **I.     PARTIES**

20      1.      Summit is a Nevada corporation in good standing with the Nevada Secretary of

21 State.

22      2.      HotEdge is a Colorado limited liability company, with a business location in

23 Incline Village, Nevada.

24                      **II.     JURISDICTION**

25      3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

26 §§ 1331 and 1338(a), as this action concerns HotEdge's unlawful and unauthorized infringement

27 of Summit's federally Registered Trademark, Registration No. 6,130,667. This Court has

28

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV  89511

1  supplemental jurisdiction over Summit's state law claims under 28 U.S.C. § 1367(a) because

2  Summit's state law claims are based on the same controversy as Summit's federal claims,

3  including HotEdge's unauthorized use of Summit's federal mark.

4      4.      HotEdge is subject to personal jurisdiction in Nevada as it operates a business

5  location in Incline Village, Nevada. *See* NRS 14.065(1). HotEdge advertises and offers its

6  infringing products in Nevada, including through its Incline Village location. Upon information

7  and belief, HotEdge has sold and installed its infringing products in Nevada, including through

8  its Incline Village location.

9      5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), as HotEdge is

10  subject to personal jurisdiction in Nevada, and thus resides in Nevada for venue for purposes.

11  *See* 28 U.S.C. § 1391(c)(2). Venue is also proper in this Court pursuant to 28 U.S.C. §

12  1391(b)(2) as a substantial part of the events giving rise to this action occurred in Nevada. *See*

13  *supra* ¶4. Furthermore, Summit is a Nevada corporation conducting business in Nevada.

### III.     GENERAL ALLEGATIONS

15      6.      Summit designs, manufactures, sells, and installs advanced energy-efficient roof

16  ice melting and prevention systems that utilize thermodynamics for its ice melt systems.

17  Summit's roof ice melting systems are designed for mountain locations that receive sufficient

18  snow fall, such as Northern Nevada, the Sierras, and Lake Tahoe areas. Summit advertises, sells,

19  and installs its roof ice melting systems in Nevada and California on residential and commercial

20  buildings.

21      7.      Summit has received numerous U.S. Patents for its roof ice melting products,

22  including for its PATENTED PRO® Roof Ice Melt System. Summit's PATENTED PRO® Roof

23  Ice Melt System is its leading, top-of-the-line ice melt system.

24      8.      Summit's PATENTED PRO® Roof Ice Melt System is a leading product in the

25  roof ice melt industry, and customers rely on Summit's state of the art technology and industry

26  leading craftsmanship when selecting its products.

27      9.      Summit has used PRO to advertise and sell its PRO roof ice melting system since

28  May 2013. In light of Summit's outstanding and successful PRO product and its reputation, as

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511

well as customers' association of the PRO product with Summit, Summit obtained a federal

Trademark Registration for "PRO" for heating related products in 2017, Registration No.

6,130,667.

10.     Summit continues to offer its PATENTED PRO® Roof Ice Melt System for sale

and continues to advertise its PATENTED PRO® Roof Ice Melt System, such as on its website

as detailed below:



11.     Summit's long-standing, extensive, widespread, and exclusive use of its PRO

mark in the roof ice melting business has led to Summit's mark becoming famous in the U.S.

roof ice melt systems industry, in which customers associate Summit's PRO mark for its superior

product.

12.     HotEdge sells and installs roof ice melting systems. As with Summit, HotEdge's

products are designed for locations that receive sufficient snow fall. Summit advertises, sells, and

installs its roof ice melting systems in Nevada and California on residential and commercial

buildings. Thus, HotEdge competes in the same industry and market as Summit.

13.     HotEdge maintains a business location in Incline Village, Nevada, in which it

advertises, sells, and installs its competing roof ice melting systems.

14.     HotEdge has several postings on its website offering its roof ice melting systems

in the Northern Nevada and Lake Tahoe areas. *See* https://hotedge.com/prevent-ice-dams-lake-

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511

tahoe/; https://hotedge.com/ice-dam-prevention-in-north-lake-tahoe-ca/; https://hotedge.com/fix-ice-dam-problems-in-reno/.

15.     HotEdge improperly and without authorization from Summit used Summit's famous PRO mark to describe, advertise, and sell its competing roof ice melting systems. HotEdge sells the following products: 1) HotMetal PRO; 2) HotMetal PRO2X; 3) HotValley PRO; 4) HotFlashing PRO; 5) HotShingle PRO; 6) HotShingle PRO2X; 7) HotSlate PRO; 8) HotSlate PRO2X; 9) HotShake PRO; 10) HotShake PRO2X; 11) HotTile PRO; and 12) HotTile PRO2X. Below are examples of HotEdge's improper and unauthorized use of PRO to describe and advertise its products:



**HotShingle PRO®**

**HotShingle PRO** is one-piece roof edge ice melt systems engineered to easily install on all remodel and new construction roof structures by securing over style "D" roof edge. A specially designed three sided angulated raceway securely holds a single commercial grade self-regulating heat trace cable in place for direct heat transfer to all roof edges. The benefit of a direct heat transfer is less heat trace cable is needed to prevent ice dam and icicles formations on all roof edges. Less heat trace cable means

///

///

///

4



**HotShingle PRO2X®**

**HotShingle PRO2X** is a simple one-piece roof edge ice melt system engineered to install on all new construction or re-roof projects by securing over style "D" roof edge. Specially designed three-sided angulated raceways securely hold commercial grade self-regulating heat trace cables in place for a direct heat transfer for maximum performance and achieve a minimum **20 inch melt back** . The benefit of a direct heat transfer is less heat trace cable is needed to prevent ice dam and icicles formations on roof edges. Less heat trace cable means lower energy costs. In addition, comparative thermal analysis completed by an independent third-party helped to determine the optimal distance between heat cables to achieve maximum melting capacity. Easily installs around gutters and downspouts.



**HotValley PRO®**

**HotValley PRO** is engineered to secure up to two commercial-grade self-regulating heat cables and install in place of or over traditional valley flashing.    HotValley PRO provides the option of a heated melt path down the valley and prevents ice dams from forming. It allows for an open channel so water won´t pool behind an ice dam. The HotValleyPRO should be used in combination with any of our heated eave panels.

16.    HotEdge represents that its products, including its HotShingle PRO, HotShingle PRO2X, and HotValley PRO, are federally registered trademarks; however, HotEdge has registered the marks "HotShingle" and "HotValley" all without the PRO mark, which is Registered by Summit.

17.    Summit has not given HotEdge permission to use the PRO mark to describe, market, or advertise its roof ice melting systems or any other products.

18.    Summit discovered HotEdge's improper and unauthorized use of PRO to

5

1    describe, market, and advertise its roof ice melting systems in January 2024.

2         19.    HotEdge continues to use Summit's PRO mark to describe, market, or advertise

3    its roof ice melting systems or any other products.

4         20.    HotEdge's wrongful use of Summit's PRO mark is likely to cause confusion, or to

5    deceive potential customers who are likely to mistakenly assume that HotEdge's products share a

6    source or affiliation with, or enjoy the approval or sponsorship of, Summit.

7    **FIRST CAUSE OF ACTION**

8    **(Trademark Infringement in Violation of 15 U.S.C. § 1114)**

9         21.    Summit repeats and realleges the allegations of all preceding paragraphs as

10   though set forth fully herein.

11        22.    Summit owns a valid federal Trademark Registration for the PRO mark for use in

12   heating related products, U.S. Reg. No. 6,130,667.

13        23.    Summit's Trademark Registration for the PRO mark is *prima facie* evidence of

14   the validity of Summit's trademark rights and of Summit's exclusive right to use the PRO mark

15   in commerce for heating related products.

16        24.    HotEdge's use of Summit's PRO mark in connection with its competing roof ice

17   melting systems, which are heating related products, is likely to cause confusion, or to cause

18   mistake, or to deceive as to the affiliation, connection, or association of HotEdge and Summit, or

19   as to the origin, sponsorship, or approval of HotEdge's products by Summit. HotEdge's conduct

20   constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

21        25.    Due to HotEdge's acts as alleged above, Summit has suffered and will continue to

22   suffer monetary damages and irreparable harm to the value and goodwill of its PRO mark, as

23   well as irreparable harm to its business, goodwill, and reputation. Summit has no adequate

24   remedy at law because damage to its good will and reputation are continuing and difficult to

25   ascertain.

26        26.    Because HotEdge's actions, on information and belief, were intentional, willful,

27   and/or deliberate, Summit is entitled to an award of treble damages under § 35(a) of the Lanham

28   Act (15 U.S.C. § 1117(a)).

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511

6

27.    Summit may disgorge HotEdge's profits and recover for its damages an award to compensate Summit for the injuries and damages it has sustained as a result of HotEdge's conduct which violates § 43(a) of the Lanham Act.

28.    Summit has been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and is therefore entitled to all its reasonable attorneys' fees and costs associated with bringing this action. *See* 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (Trademark Dilution in Violation of 15 U.S.C. § 1125(c))

29.    Summit repeats and realleges the allegations of all preceding paragraphs as though set forth fully herein.

30.    Summit has made long-standing, extensive, widespread, and exclusive use of the PRO mark in the roof ice melting business, and has invested significant funds to develop, market, and promote its mark. Accordingly, Summit's PRO mark is famous.

31.    HotEdge's use of Summit's PRO mark to describe and market its competing roof ice melting systems creates a strong association between the two in the minds of consumers.

32.    HotEdge's use of Summit's PRO mark to sell its competing roof ice melting systems is causing and likely to cause dilution of Summit's famous mark, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

33.    Due to HotEdge's acts as alleged above, Summit has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of its PRO mark, as well as irreparable harm to its business, goodwill, and reputation. Summit has no adequate remedy at law because damage to its good will and reputation are continuing and difficult to ascertain.

34.    Because HotEdge's actions, on information and belief, were intentional, willful, and/or deliberate, Summit is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

7

35.     Summit may disgorge HotEdge's profits and recover for its damages an award to compensate Summit for the injuries and damages it has sustained as a result of HotEdge's conduct which violates § 43(a) of the Lanham Act.

36.     Summit has been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and is therefore entitled to all its reasonable attorneys' fees and costs associated with bringing this action. *See* 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

**(Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15 U.S.C. § 1125(a))**

37.     Summit repeats and realleges the allegations of all preceding paragraphs as though set forth fully herein.

38.     Summit owns registered and common law rights in the PRO mark.

39.     Summit has used and promoted its PRO mark continuously from 2013 to the present. Summit's PRO mark is well known and associated by the public with Summit's PATENTED PRO® Roof Ice Melt System.

40.     HotEdge's use of the PRO mark to describe and advertise its competing roof ice melt system products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of HotEdge and Summit, or as to the origin, sponsorship, or approval of HotEdge's products by Summit. HotEdge's conduct constitutes trademark infringement, unfair competition, and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     HotEdge had actual knowledge of Summit and its PRO mark and products before it began promoting its roof ice melting systems with the PRO mark.

42.     As a direct and proximate cause of HotEdge's infringement, Summit has and is likely to be substantially injured in its business, including loss of goodwill, reputation, revenues, or profits.

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511

8

43.     Summit has no adequate remedy at law because the PRO mark represents the identity, reputation, and goodwill of Summit and its products such that damages alone cannot fully compensate Summit for HotEdge's infringement.

44.     Unless enjoined by this Court, HotEdge will continue to use the PRO mark and infringe Summit's mark and cause irreparable injury to Summit. This threat of future injury to Summit's business identity, goodwill, and reputation requires injunctive relief to prevent HotEdge's continued infringement, and to ameliorate and mitigate continued harm to Summit's goodwill and trademark rights.

45.     Because HotEdge's actions, on information and belief, were intentional, willful, and/or deliberate, Summit is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

46.     Summit may disgorge HotEdge's profits and recover for its damages an award to compensate Summit for the injuries and damages it has sustained as a result of HotEdge's conduct which violates § 43(a) of the Lanham Act.

47.     Summit has been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and is therefore entitled to all its reasonable attorneys' fees and costs associated with bringing this action. *See* 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### (Statutory Deceptive Trade Practices/Consumer Fraud)

48.     Summit repeats and realleges the allegations of all preceding paragraphs as though set forth fully herein.

49.     HotEdge, by continuing to market its roof ice melting systems as PRO despite Summit's ownership of the PRO mark for heating related products, is knowingly passing off goods for sale as those of Summit's and knowingly making false representations as to the source, sponsorship, approval, certification, affiliation, connection, or association of its products as Summit's products.

50.     HotEdge is using deceptive representations in connection with its products.

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511

51.     HotEdge's actions described above constitute deceptive trade practices under Nevada law, including, *inter alia*, NRS 598.0915.

52.     Pursuant to NRS 598.0953(1), the foregoing deceptive trade practices are prima facie evidence of HotEdge's intent to injure competitors, such as Summit, and to destroy or substantially lessen competition.

53.     Pursuant to NRS 41.600(2)(e), HotEdge's foregoing deceptive trade practices constitute "consumer fraud."

54.     HotEdge is liable for all damages due to its willful misuse of Summit's intellectual property, and other acts intended to deceive the consuming public.

55.     Summit has been and will continue to be irreparably damaged by HotEdge's statutory deceptive trade practices/consumer fraud, and therefore are victims for purposes of standing under NRS 41.600.

56.     Summit has no adequate remedy at law because the PRO mark represents the identity, reputation, and goodwill of Summit and its products such that damages alone cannot fully compensate Summit for HotEdge's infringement.

57.     Unless enjoined by this Court, HotEdge will continue to use the PRO mark and infringe Summit's mark and cause irreparable injury to Summit. This threat of future injury to Summit's business identity, goodwill, and reputation requires injunctive relief to prevent HotEdge's continued infringement, and to ameliorate and mitigate continued harm to Summit's goodwill and trademark rights.

58.     Summit has been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and is therefore entitled to all its reasonable attorneys' fees and costs associated with bringing this action.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

59.     Summit repeats and realleges the allegations of all preceding paragraphs as though set forth fully herein.

10

60.     Summit owns a valid and legally protectable mark according to common law trademark rights in Nevada.

61.     Summit owns common law trademark rights in its PRO mark used for its roof ice melting systems, as detailed below:



The PATENTED PRO® Roof Ice Melt System

**PRO INSTALLATION AND OPERATION GUIDE**

Select the PRO when you want the greatest protection for your most demanding projects. It is our top-of-the-line ice melt system that's been proven in the toughest, snowiest, and coldest environments in America.

Like all Summit's systems, every feature of the PRO has been engineered to maximize energy-efficient heat transfer to the melting surfaces while minimizing heat loss via contact with the roof deck surface.

The UL rated, high performance self-regulating heating system includes a massive, highly conductive aluminum core to distribute heat only where it is needed. The attractive, metallic cover completes the low-profile, high-performance system.

While others claim energy-efficiency, Summit's unique background in thermodynamics, construction, and manufacturing make PRO ice melt system the true standout in the industry. NO ONE besides Summit dares to do a side-by side comparison of comparable products. Click the buttons below to see how we melt the competition.

The PATENTED PRO is easily installed onto NEW AND EXISTING shingle roofs.

62.     Summit is entitled to legal protection of its PRO trademark under Nevada law.

63.     Summit has consistently used its PRO mark in commerce, including in Nevada, since 2013.

64.     HotEdge's unauthorized use of PRO in connection with its roof ice melting products is likely to cause confusion with Summit's PATENTED PRO® Roof Ice Melt System.

65.     The PRO mark has been substantially, exclusively, and continuously used by Summit in connection with roof ice melting systems. To Summit's knowledge, before Summit used the PRO mark to describe and market its roof ice melting products, no other company in its industry has used the common law mark to identify a particular product or service.

66.     Due to Summit's length of use, marketing, and sales of its roof ice melting products, the mark has acquired secondary meaning.

67.     HotEdge has marketed and has sold or intend to sell similar roof ice melting systems identified with the PRO mark to the same customers which Summit has historically sold its products.

11

68.     HotEdge markets and sells its products in generally the same manner and through the same marketing channels as Summit, since the parties are direct competitors in the roof ice melting business.

69.     By virtue of its longstanding and exclusive use in the roof ice melting industry, Summit's common law trademark has become a strong mark.

70.     HotEdge has used and intend to use the exact same mark owned by Summit for the same products for the same customers.

71.     HotEdge's adoption and use of Summit's mark has caused confusion or will cause confusion with Summit's customers and others that know that only Summit's roof ice melting systems contain the PRO mark and are derived only from Summit.

72.     HotEdge's use of Summit's common law trademark is likely to cause confusion or cause mistake or to deceive as to whether HotEdge is affiliated, connected, or associated with Summit or as to whether Summit originated, sponsored, or approved of HotEdge's products and related activities.

73.     On information and belief, HotEdge's copying of Summit's common law trademark was intentional, willful and in bad faith. HotEdge intended to create confusion by using Summit's mark and intended to trade off Summit's brand recognition in its roof ice melting systems and to confuse customers about the origin of HotEdge's products.

74.     HotEdge's acts of trademark infringement or threatened acts of infringement have caused, continue to cause, or will cause damages and injury to Summit.

75.     Summit may disgorge HotEdge's profits and recover for its damages an award to compensate Summit for the injuries and damages it has sustained as a result of HotEdge's conduct which violates § 43(a) of the Lanham Act.

76.     Because HotEdge's actions, on information and belief, were intentional, willful and deliberate, Summit is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511

12

77.     Summit has been forced to retain the services of Holland & Hart LLP to address the conduct complained of herein and is therefore entitled to all its reasonable attorneys' fees and costs associated with bringing this action. *See* 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Summit Ice Melt Systems, LLC prays for judgment against Defendant HotEdge LLC as follows:

1.     Granting temporary, preliminary, and permanent injunctive relief enjoining HotEdge and each of its affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

     A.  using the mark PRO, or any other mark confusingly similar thereto, in connection with the promotion of its roof ice melting systems or any other products; and

     B.  otherwise competing unfairly or committing any acts likely to confuse the public into believing that HotEdge or any of its products are associated, affiliated, or sponsored by Summit, or are authorized by Summit, in whole or in part, in any way.

2.     Summit be awarded damages (including treble damages), as appropriate;

3.     HotEdge account for and pay to Summit any and all profits HotEdge has received by its conduct alleged herein;

4.     Pursuant to 15 U.S.C. § 1117(a) and NRS 41.600, Summit be awarded its reasonable attorneys' fees and costs;

5.     For prejudgment and post judgment interest; and

///

///

///

HOLLAND & HART LLP
5441 KIETZKE LANE, SECOND FLOOR
RENO, NV 89511

13

1      6.      For such other relief as the Court deems just and proper.

2      DATED this 8th day of February, 2024

3                              **HOLLAND & HART LLP**

4                              _/s/  Robert C. Ryan_
                               Robert C. Ryan (NSBN 7164)
5                              Timothy A. Lukas (NSBN 4678)
                               Joshua M. Halen (NSBN 13885)
6                              5441 Kietzke Lane, Second Floor
                               Reno, Nevada 89511
7
                               *Attorneys for Plaintiff*
8

9

10

11

12
       31368121_v1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HOLLAND & HART LLP**
**5441 KIETZKE LANE, SECOND FLOOR**
**RENO, NV 89511**

14